IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **MARILYN WOODS** | § § | |
| VS. | § § | CIVIL ACTION NO. 12-276 |
| **TURNER INDUSTRIES GROUP, INC.** **TURNER INDUSTRIES, LLC AND** **DANIEL ATCHLEY** | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Marilyn Woods, hereafter called Plaintiff, and files this her First Amended Complaint against Turner Industries Group, LLC, and Daniel Atchley, Defendants, and for cause of action would show the following:

1. Plaintiff is a resident of Jefferson County, Texas.

2. Defendant Turner Industries Group, LLC, is a corporation doing business in the venue and jurisdiction of this Court who may be served by serving its registered agent CT Corporation System, 350 North St. Paul Street, Ste. 2900, Dallas, Texas 75201.

3. Daniel Atchley is an individual who resides in Jasper County, Texas. Defendant Atchley has filed an appearance herein.

JURISDICTION AND VENUE

4. This case was removed to the Eastern District of Texas by Defendants by Notice of Removal filed June 6, 2012, pursuant to Title VII of the Civil Rights Act of 1964, as amended.

5. Venue is proper in the Eastern District of Texas as the cause of action arose in Jefferson County, which is within the Beaumont Division of the Eastern District of Texas.

FACTS

6. This is a claim brought under the Texas Labor Code for wrongful termination. Plaintiff filed a claim with the Texas Workforce Commission, Civil Rights Division, based on discrimination in the terms of her employment on the basis of her sex, including sexual harassment, as TWCCRD Charge No. 1A11664. Plaintiff also filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission. On January 26, 2012, the Equal Employment Opportunity Commission issued the Notice of Right to Sue for Plaintiff.

7. On or about April 15, 2011, Plaintiff was employed as a firewatch by Turner Industries Group at the Motiva Plant in Port Arthur Texas. Daniel Atchley was appointed by Turner Industries Group as Superintendent of the job at Motiva, Port Arthur, ASTU unit, where plaintiff was assigned. Daniel Atchley began to make sexual overtures towards the Plaintiff and made offensive sexual comments to the Plaintiff, including comments about Plaintiff's buttocks, and suggesting that eventually, he would have sexual relations with Plaintiff. Plaintiff reported this misconduct to Superintendent Bradley Bing, but nothing was done.

8. During the second week of May, 2011, while Plaintiff was going up a ladder, Daniel Atchley grabbed her buttocks. Plaintiff immediately reported the incident to Bradley Bing. On May 12, 2011, Daniel Atchley grabbed Plaintiff's breasts with two hands. On Monday, May 16, 2011, Daniel Atchley complained to Plaintiff because she reported him. Atchley again told plaintiff that he intended to have sex with her. He continued to make offensive and sexually explicit comments to plaintiff. On Tuesday, May 17, 2011, Daniel Atchley told Plaintiff that he wanted "a piece of her ass".

9. Turner Industries Group retaliated against plaintiff for making complaints about sexual harassment and the assaults by Daniel Atchley by transferring her to a different unit. Prior to the conduct alleged, plaintiff was earning $15.50 per hour and working 60 hours a week. She was earning time and half ($23.50/hour) for overtime for a total of $1090 per week. In retaliation, Turner Industries transferred plaintiff to a different area where her hours were reduced to 48 hours per week, resulting in a reduction in her pay in the amount of $282.00 per week. She was subject to harassment, ridicule, humiliation, and retaliation. She was unable to work for two weeks, and when she returned to work, Turner Industries then terminated the plaintiff from employment. Had she not been transferred and terminated, she would have continued to work at Motiva for two more years. The reasons that Turner Industries gave for terminating the plaintiff were pretexts. Employees who were not sexually harassed and who did not make complaints remain in the unit working 60 hours per week to this day.

9. Defendant's conduct violated Texas Labor Code § 21.051, which prohibits discrimination based on sex. Sexual harassment is considered discrimination based on sex. Plaintiff is a member of the class of people (females) that the statute was designed to protect. Plaintiff's sex was the primary reason for the discrimination.

10. This action is brought pursuant to rights secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 USC §2000 et. seq., and particularly as amended by the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of discrimination which have been engaged in by Defendants to the detriment of Plaintiff, and to correct those unlawful employment practices through resort to all remedies authorized by Title VII and the Civil Rights Act of 1991. At all material times to this litigation, Defendants have intentionally engaged in practices and policies made unlawful by Title VII of the Civil Rights Act of 1964, as amended, as well as by the Civil Rights Act of 1991. The effect of these unlawful employment practices created an hostile work employment atmosphere for Plaintiff, which has been created by the actions and circumstances complained of by Plaintiff. Thus, this is a suit for lost income, past, present and future, as well as all other actual damages incurred by the Plaintiff as a result of the discriminatory treatment at the hands of Defendants, together with an action for punitive damages.

## DAMAGES

11. As a result of Turner Industries Group's conduct, plaintiff has suffered damages. Prior to the discrimination she was making over $1090.00 per week, which is the equivalent of $56,580.00 per year. As a result of the wrongful conduct of the Turner Industries Group, plaintiff has suffered mental anguish, which as manifested in physical symptoms.

12. Turner Industries Group's conduct was intentional, and therefore Turner Industries Group is liable for compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

13. Plaintiff is entitled to exemplary damages in accordance with Texas Labor Code § 21.2185, because Turner Industries Group acted with malice and with reckless indifference to Plaintiff's rights.

14. As a result of Turner Industries Group's conduct, plaintiff was required to retain the services of the undersigned attorneys. Turner Industries Group is liable, under Texas Labor Code § 21.259, for attorneys fees, including reasonable expert fees, made necessary by their wrongful conduct.

## CAUSE OF ACTION AGAINST DANIEL Atchley FOR ASSAULT BY OFFENSIVE PHYSICAL CONTACT

15. On or about April 15, 2011, Daniel Atchley began to make sexual overtures towards the Plaintiff and made offensive sexual comments to the Plaintiff, including comments about Plaintiff's buttocks, and suggesting that eventually, he would have sexual relations with Plaintiff. During the second week of May, 2011, while Plaintiff was going up a ladder, Daniel Atchley grabbed her buttocks. May 12, 2011, Daniel Atchley grabbed Plaintiff's breasts with two hands. On Monday May 16, 2011, Daniel Atchley told plaintiff that he intended to have sex with her. He continued to make offensive and sexually explicit comments to plaintiff. On Tuesday, May 17, 2011, Daniel Atchley told Plaintiff that he wanted "a piece of her ass".

16. The physical contacts alleged above were intentional and knowing. Daniel Atchley knew or reasonably should have believe that plaintiff would regard the contact as offensive and provocative. Atchley's conduct caused injury to the plaintiff in the manner described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, plaintiff have judgment against defendants, jointly and severally as follows:

A. Back pay in an amount in excess of the minimal jurisdictional limits of the Court;

B. Front-pay;

C. Actual damages;

D. Exemplary damages;

E. Interest at the highest legal rate from the date of injury to the date of judgment and from the date of judgment until paid;

F. All costs of court and attorneys' fees, including expert witness fees; and

G.  For such other and further relief, at law and in equity, including reinstatement to which Plaintiff may be justly entitled.

>
> Respectfully submitted,
>
> /s/ Clay Dugas
> **CLAY DUGAS**
> TBA #06173200
> **REGINALD BLAKELEY**
> TBA #24077845
> 805 Park Street
> Beaumont, Texas 77701
> (409) 813-1111
> FAX (409) 813-1396
>
> **ATTORNEYS FOR PLAINTIFF**

**JURY DEMAND**

_____Plaintiff demands a trial by jury on all issues of fact.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following counsel of record on the 6TH day of August, 2012.

**Defendants:**
**Turner Industries Group, LLC**

**ATTORNEY:**

Barham Lewis
Ogletree, Deakins, Nash, Smoak & Stewart, PC
500 Dallas Street, Suite 3000
Houston, TX 77002
713-655-0020 fax

**Daniel Atchley**
Pro Se
12982 Hwy 96 S
Kirbyville, TX 75956
(409)594-8420

          /s/ Clay Dugas
          CLAY DUGAS/REGINALD BLAKELEY